J-S50032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAVIER GONZALEZ | |
| Appellant | No. 2544 EDA 2014 |

Appeal from the PCRA Order July 21, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004027-2007

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 15, 2015**

Javier Gonzalez ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The pertinent facts and procedural posture of this matter are as follows.  On May 5, 2009, a jury convicted Appellant of robbery, threat of immediate serious bodily injury[1] and criminal conspiracy[2] for his participation in a gunpoint robbery committed on October 23, 2006.  The trial court sentenced Appellant to an aggregate period of 14 years 9 months to 37 years of imprisonment.  After the trial court denied Appellant's motion

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903.

for reconsideration of sentence, Appellant filed a direct appeal. This Court dismissed the appeal on September 9, 2009, after Appellant's counsel failed to file a docketing statement.

On July 25, 2011, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of appellate counsel for failing to keep him apprised of the status of his direct appeal. The PCRA court appointed counsel, who filed an amended PCRA petition and memorandum of law in support of the amended PCRA petition on November 14, 2012.[3] On April 22, 2014, Appellant, proceeding *pro se*, filed another amended PCRA petition. On June 20, 2014, the PCRA court filed its Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. On July 7, 2014, again proceeding *pro se*, Appellant filed a response to the PCRA court's Rule 907 notice. On July 21, 2014, the PCRA court entered an order dismissing the PCRA petition.

Appellant filed a timely *pro se* notice of appeal on August 19, 2014.[4] On September 16, 2014, appointed PCRA counsel filed a Pa.R.A.P. 1925(b)

_____

[3] The certified record contains only the memorandum of law in support of the amended PCRA petition, not the amended petition itself.

[4] Strictly speaking, Appellant's *pro se* notice of appeal was a nullity because Appellant filed it when he was represented by counsel. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa.1993) ("[T]here is no constitutional right to hybrid representation."); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa.Super.2007) (describing counseled defendant's *pro se* post-sentence motion as "a nullity, having no legal effect"). In the interest of judicial economy, and in consideration of our
*(Footnote Continued Next Page)*

statement.[5]   The PCRA court filed its Pa.R.A.P. 1925(a) opinion on October 21, 2014.

On March 19, 2015, despite having filed an amended PCRA petition in the lower court, Appellant's court-appointed PCRA counsel filed a **Turner**[6]/**Finley**[7] "no-merit" letter ("no-merit letter") with this Court in lieu of an advocate's brief, together with an application to withdraw as counsel. The no-merit letter provides a factual summary and procedural history of the

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

disposition of this matter as discussed **infra**, we will overlook this technical deficiency.

[5] Appellant's Pa.R.A.P. 1925(b) statement, filed by court-appointed counsel, states as follows:

> [Appellant] filed a _pro se_ Notice of Appeal on August 21, 2014 and counsel is obligated to represent him on appeal. These are the issues [Appellant] wishes that counsel raise:
>
> 1. The court was in error in denying [Appellant's] PCRA [petition] without an evidentiary hearing.
>
> 2. The court was in error in denying the amended PCRA [petition] filed by counsel on November 14, 2012. The issues to be raised before the Superior Court in this appeal are fully set forth in the amended PCRA filed by Appellant's counsel on November 14, 2012.
>
> [3.]   The PCRA [petition] was not untimely filed as set forth in the amended PCRA [petition] filed by counsel as an exception applies to untimeliness.

1925(b) Statement.

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[7] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (_en banc_).

matter, and discusses the general requirements of PCRA relief, including the PCRA's timeliness requirements. *See* No Merit Letter, pp. 1-10. The no-merit letter then discusses the timeliness of Appellant's PCRA petition, and concludes (1) that the petition was untimely, and (2) that none of the PCRA's time bar exceptions applied. *See id.* at 10. Accordingly, the no-merit letter asserts that Appellant's appeal is wholly frivolous because the underlying PCRA petition was untimely. *See id.* at 11.[8]

Our Supreme Court has explained the procedure required for court-appointed counsel to withdraw from PCRA representation:

> [*Turner* and *Finley*] establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;
>
> 2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and

---

[8] Both the no-merit letter and the Petition to Withdraw explain that counsel sent Appellant copies of these documents, and each advises Appellant he has 30 days to respond to the no-merit letter either *pro se* or through privately retained counsel. *See* No Merit Letter, p. 11; Motion to Withdraw, p. 2 (unnumbered).

- 4 -

> 5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.2009) (citations omitted). In addition, this Court has required that PCRA counsel who seeks to withdraw must:

> contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa.Super.2006) (emphasis deleted).

> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super.2007) (citations omitted).

The instant procedural posture differs from normal practice in that appointed PCRA counsel filed an amended PCRA petition in the PCRA court, but then filed a no-merit letter with this Court on appeal. This procedural posture presents a problem in that, because the no-merit letter was filed with this Court after the lower court had already dismissed his petition, Appellant was divested of the opportunity to respond to the no-merit letter, either proceeding *pro se* or with privately retained counsel, before the PCRA court dismissed his petition. Additionally, the no-merit letter suffers from numerous drafting deficiencies.[9] In another case, these shortcomings and errors might occasion remand of the matter to the PCRA court with direction that counsel file an adequate no-merit letter in the proper forum. However, because Appellant's PCRA petition is untimely without excuse for the reasons discussed **infra**, Appellant suffered no actual prejudice by counsel's missteps.[10] Therefore, in the interest of judicial economy, we will not remand and instead proceed to decide this appeal.[11]

_____

[9] The no-merit letter only summarily details the nature and extent of counsel's review. **See** No-Merit Letter, p. 11 (". . . current counsel engaged in a careful and exhaustive review of the Appellant's claims and the available record."). Further, the no-merit letter fails to list or discuss Appellant's underlying ineffective assistance of trial counsel issue, and discusses only the timeliness of Appellant's petition, not whether counsel believes the underlying issue lacks merit. **See id.** at 3-11.

[10] Because Appellant's PCRA petition is untimely without excuse, as discussed **infra**, no amount of argument, whether *pro se* or counseled, would have provided the PCRA court with jurisdiction to determine the merits of Appellant's PCRA petition. Accordingly, Appellant has suffered no
*(Footnote Continued Next Page)*

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Before addressing the merits of Appellant's claims, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011).

*(Footnote Continued)* ────────────

prejudice by being divested of the opportunity to respond to the no-merit letter.

[11] We note that we cannot remand for counsel to file an advocate's brief that would require counsel to argue a position contrary to established law, to wit, require argument that a timeliness exception applies to Appellant's petition. Further, a remand to the PCRA court to allow counsel to adequately re-draft and then file the no-merit letter and application to withdraw in the procedurally proper forum, thereby affording Appellant the opportunity to respond, would not change the result of this matter. Therefore, such a remand would only serve to waste judicial resources.

"It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." ***Hernandez***, 79 A.3d at 651 (*citing* ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa.2000)). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa.Super.2014) (quoting ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa.2010)).

A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the PCRA time bar are met. ***Hernandez***, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008); *see also Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa.Super.2011) ("The petitioner bears the burden to allege and prove [that] one of the timeliness exceptions applies."). Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Here, Appellant's judgment of sentence became final on October 9, 2009, thirty days after this Court dismissed his direct appeal. Appellant filed the instant petition over one and a half years later, on July 25, 2011. Accordingly, the instant petition is facially untimely. Thus, Appellant must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Initially, neither Appellant's *pro se* PCRA petition, nor the counseled amended PCRA petition,[12] nor Appellant's *pro se* amended PCRA petition, nor Appellant's *pro se* response to the PCRA court's Rule 907 notice of intent to dismiss without a hearing expressly claim entitlement to any of the PCRA's enumerated PCRA time-bar exceptions. **See** *Pro Se* PCRA Petition; Amended PCRA Petition; *Pro Se* Amended PCRA Petition; Rule 907 Response. To the extent this Court can discern a pleaded timeliness exception, the PCRA petition claims Appellant is entitled to the Section 9545(b)(1)(ii) newly discovered facts exception because his direct appeal counsel did not inform him of the outcome of his direct appeal. **See** PCRA Petition, p. 3. He is incorrect.

The PCRA petition fails to explain how his counsel's failure to inform him of the status of his appeal rendered the date he discovered the dismissal of his direct appeal a "new fact". The disposition of Appellant's direct appeal was and is a fact of public record. Our Supreme Court has explained that information that is part of the public record does not constitute a newly discovered fact for PCRA time-bar exception purposes. **See**

_____

[12] As previously explained, the certified record contains only the Memorandum of Law in Support of Amended Petition for Relief Pursuant to Post Conviction Relief Act. **See** Footnote 3, **supra**. We can deduce from this memorandum, however, that appointed PCRA counsel did not raise a time-bar exception in the amended PCRA petition. **See** Memorandum of Law in Support of Amended Petition for Relief Pursuant to Post Conviction Relief Act, p. 7 ("On July 26, 2011 [sic], Petitioner filed a timely, *pro se* petition pursuant to procedures under the Post Conviction Relief Act.").

*Commonwealth v. Edmiston*, 65 A.3d 339, 352, (Pa.2013), *cert. denied*, 134 S. Ct. 639 (U.S. 2013) ("to constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source."). Further, the PCRA petitions fail to specify the date when Appellant learned of his direct appeal's disposition. Accordingly, Appellant has insufficiently pleaded the exception. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa.2001) (holding time bar exception not properly pleaded where Appellant failed to provide the date on which he learned information allegedly entitling him to exception); *see also Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa.Super.2011) ("A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter."). Accordingly, the petition remains time-barred.

Because the PCRA petition is patently untimely and Appellant did not avail himself of any of the PCRA's time bar exceptions, the PCRA court did not err in denying this petition as untimely.[13]

---

[13] While we appreciate the dissent's concerns regarding the deficiencies in PCRA counsel's performance, we note that the PCRA court did not appoint counsel until *after* Appellant filed his *pro se* PCRA petition. While PCRA counsel may have provided inadequate representation, the fact remains that no amount of adequate representation could or would have transformed
*(Footnote Continued Next Page)*

Order affirmed. Counsel's petition to withdraw granted.[14]

Judge Mundy concurs in the result.

Judge Panella files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015

---

*(Footnote Continued)* ————————————

Appellant's initial, untimely-filed *pro se* PRCA petition into a timely-filed PCRA petition. **See** Note 10, **supra**.

[14] We acknowledge the dissent's suggestion that the remedies set forth in **Commonwealth v. Williamson**, 21 A.3d 236 (Pa.Super.2011), are appropriate for the instant matter. However, we note that **Williamson**, which concerned counsel's failure to timely file a petition for allowance of appeal to the Supreme Court of Pennsylvania, is inapposite to the instant matter, which involves an untimely PCRA.